

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2008

# USA v. Everley

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2563

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Everley" (2008). *2008 Decisions*. Paper 917.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/917

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-2563

UNITED STATES OF AMERICA

v.

CHRIS HARRY EVERLEY
a/k/a Michael Lanier
a/k/a Charles Elias Disney
a/k/a Chris Elliott
a/k/a Gene Botsford

Chris Harry Everley,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 01-CR-543
District Judge: The Honorable Mary A. McLaughlin

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
July 1, 2008

Before: RENDELL, SMITH, and FISHER, *Circuit Judges*

(Filed: July 2, 2008)

OPINION

SMITH, *Circuit Judge*.

Appellant Chris Harry Everley ("Everley") pleaded guilty in September of 2001 to

a 30-count information charging him with various fraud-related offenses. On October 23, 2002, the District Court sentenced him to forty-two months imprisonment, three years of supervised release, $20,880.74 in restitution, and a $3,000.00 special assessment. Within three weeks of his release from custody, state authorities arrested Everley in Arizona for passing bad checks and various other reporting violations. Eventually, on May 17, 2007, the District Court found that Everley was in violation of the terms of his supervised release and sentenced him to fifteen months imprisonment, to be served consecutive to his state sentence. This timely appeal followed.[1]

The sole issue on appeal is whether the sentence the District Judge imposed was reasonable. Everley argues that the court's imposition of a fifteen-month consecutive sentence was procedurally unreasonable because the District Judge failed to explicitly address his request for a concurrent sentence. He also argues that the sentence is substantively unreasonable given his medical history, family circumstances, efforts at rehabilitation, and the length of his state sentence. Neither argument is at all persuasive.

Post-*Booker*, appellate review is limited to reviewing the trial court's sentence for "reasonableness." *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). The reasonableness standard of appellate review is akin to abuse of discretion. *Gall v. United States*, 128 S.Ct. 586, 594 (2007) ("Our explanation of 'reasonableness' review in the

---

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court possesses jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

*Booker* opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions."). In reviewing the reasonableness of a sentence, we must ensure that the sentencing court gave "meaningful consideration" to the sentencing factors articulated in 18 U.S.C. § 3553(a) and "reasonably applied them to the circumstances of the case." *Cooper*, 437 F.3d at 300.

Everley argues that the District Judge erred, procedurally, by failing to explicitly address his request for a concurrent sentence. That argument is without force. As we have previously instructed, a sentencing judge "need not discuss every argument made by a litigant if an argument is clearly without merit." *Id.* Moreover, the record in this case shows that the District Judge considered and implicitly rejected Everley's optimistic request for a concurrent sentence. Everley's contention that his sentence was substantively unreasonable is similarly unsupportable. To put it mildly, the sentence imposed was generous, given the nature of the violations at issue and their occurrence within weeks of Everley's release from prison. As such, we are well satisfied that the sentence imposed was reasonable and we will affirm the judgment of the District Court.